UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDCOM EUROPE LTD.,

                    Plaintiff,

      -against-

SPARK TRADING DMCC,

                    Defendant.

08 Civ. 10717

**MEMORANDUM
OPINION AND ORDER**

      On December 16, 2008, this Court granted plaintiff's request for process of maritime attachment and garnishment because it found that the conditions set forth in Rule B appeared to exist.  The defendant subsequently moved to vacate the attachment order.  After defendant filed its motion, but before this Court had ruled on it, the Second Circuit issued a decision holding that "EFTs [electronic fund transfers] are neither the property of the originator nor the beneficiary while briefly in the possession of an intermediary bank" and "cannot be subject to attachment under Rule B."  *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, Nos. 08-3477, 08-3758, 2009 WL 3319675, at *10–*11 (2d Cir. Oct. 16, 2009).  On October 26, 2009, this Court ordered the plaintiff to show cause within twenty days why, in light of *Shipping Corp. of India*, the original process of maritime attachment and garnishment should not be vacated and the case dismissed for lack of subject matter jurisdiction.

      On November 13, 2009, plaintiff filed a memorandum in response.  In its brief, plaintiff argues that *Shipping Corp. of India* should not be applied retroactively to vacate the Court's prior order of attachment in this case.  It argues that to do so here would work inequity: in proceeding with arbitration in London, the plaintiff "justifiably relied on the

fact that it obtained security in New York and has spent a great deal of time and money in arbitrating its case in London." (Pltf.'s Mem. at 7.)

The Second Circuit addressed this very issue—whether *Shipping Corp. of India* applies retroactively—just last week. Noting that, "by definition, a jurisdictional ruling may never be made prospective only," the court held that because its ruling in *Shipping Corp. of India* was jurisdictional, the ruling "applies retroactively." *Hawknet, Ltd. v. Overseas Shipping Agencies*, 2009 WL 3790654, No. 09-2128, at *2 (2d Cir. Nov. 13, 2009) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)). The plaintiff has since submitted a letter arguing that *Hawknet* does not govern this case because the retroactivity analysis should "be performed on a case-by-case basis," a claim unsupported by citation to any case. In fact, the *Hawknet* decision strongly suggests just the opposite: when a ruling establishes that courts lack jurisdiction over a type of case, they are unable, without exception, to consider the merits of such cases.

Setting aside the defendant's interest in EFTs briefly in the possession of U.S. intermediary banks, the plaintiff has not alleged any specific property interest of the defendant in the U.S. Accordingly, the Court lacks admiralty jurisdiction under Rule B. Its original order [3] must be vacated, and the action is dismissed for lack of subject matter jurisdiction. The Clerk of the Court is directed to terminate motion [9] and to close the case.

SO ORDERED.

Dated: New York, New York
November 1\_, 2009

_____
Richard J. Holwell
United States District Judge

2